UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **2:21-cv-05617-VBF-SHK** | Date: | November 29, 2021 |
| Title: | ***Christopher Wilson v. Los Angeles Police Department, et al.*** | | |

Present: The Honorable   Shashi H. Kewalramani, United States Magistrate Judge

| | |
|---|---|
| D. Castellanos | Not Reported |
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings (IN CHAMBERS):   ORDER TO SHOW CAUSE WHY "OFFICER
WHITEMAN" SHOULD NOT BE DISMISSED**

For the following reasons, the Court lifts its previous order to show cause ("OSC") and orders pro se Plaintiff Christopher Wilson ("Plaintiff") to show cause one final time why "Officer Whiteman" should not be dismissed from this case. Electronic Case Filing Number ("ECF No.") 23, First Amended Complaint ("FAC") at 1; ECF No. 35, OSC.

In this case, the Court has repeatedly ordered Plaintiff to show cause why Defendants Azim Bautista, Gabriel Valdovinos, Raymond Bizon, Ronald Aguirre, Melissa Saenz, Sylvia Meraz, Phillip Zalba, Eloy Way, John Thompson, Tyler Whiteman, Antonia Garcia, Austin Brown, Eduardo Gonzalez, Officer Huacuja, Officer Whiteman, Sergeant Blocker, and Thomas Garcia (collectively "Individual Defendants") should not be dismissed from this action without prejudice for Plaintiff's failure to prove that he properly served Individual Defendants. See ECF Nos. 25, 35 OSCs.

To date, Plaintiff has provided proofs of service ("POS") for all Defendants named in the FAC besides "Officer Whiteman" and all Defendants besides Officer Whiteman have made an appearance in this case by moving to dismiss the FAC. See ECF Nos. 28, 36, Motions to Dismiss ("MTD"). Further, it appears that Officer Whiteman—the only unserved defendant—might be the same person as Tyler Whiteman, regarding whom Plaintiff has filed a POS, and who has also appeared in this case by filing a MTD as noted above.

Consequently, Plaintiff is ordered to show cause **one final time** by **December 13, 2021** why "Defendant Whiteman" should not be dismissed from this case without prejudice: (1) for

Plaintiff's repeated failure to serve "Officer Whiteman" and (2) because Defendant "Officer Whiteman" appears to be the same individual as "Tyler Whiteman" who has been served and who is already participating in this litigation.

Plaintiff can satisfy this OSC by indicating in writing by **December 13, 2021** whether "Officer Whiteman" and "Tyler Whiteman" are two different individuals and, if so, why Plaintiff has repeatedly failed to file a POS for "Officer Whiteman" despite the Court's numerous warnings that unserved defendants will be dismissed from this case. Plaintiff is warned that failure to timely respond to this Order **will** result in a recommendation to the assigned United States District Judge that "Officer Whiteman" be dismissed from the case without prejudice for Plaintiff's repeated failure to prosecute and follow Court orders, and also because it appears that Defendant "Officer Whiteman" and "Defendant Tyler Whiteman" are the same individual, and the named defendant Tyler Whiteman is already litigating this case.

**IT IS SO ORDERED.**